Juan Balderas
Carola Balderas
Rodolfo Alvarez
477 S. 1000 W.
Orem, Ut 84058-5230

FILED
U.S. DISTRICT COURT
2020 MAR -6  A 8: 20
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE FOURTH JUDICIAL DISTRICT COURT
OF UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| JUAN BALDERAS, AN INDIVIDUAL, CAROLA BALDERAS, AN INDIVIDUAL AND RODOLFO ALVAREZ, AN INDIVIDUAL,<br><br>PLAINTIFFS,<br><br>vs.<br><br>FAY SERVICING LLC, ; U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST; LUNDBERG & ASSOCIATES; ETITLE INSURANCE AGENCY, LLC, and Does 1 To 20,<br><br>DEFENDANTS. | Case No.<br>*Unlimited Civil Jurisdiction*<br><br>VERIFIED UNLIMITED COMPLAINT FOR:<br><br>RELEASE OF SURPLUS FUNDS<br><br>Case: 2:20-cv-00089<br>Assigned To : Nielson, Howard C., Jr<br>Assign. Date : 2/12/2020<br>Description: Balderas et al v. Fay Servicing et al |

Plaintiffs Juan Balderas, Carola Balderas and Rodolfo Alvarez, (hereinafter "Plaintiffs") allege and states as follows:

### PARTIES

1. Plaintiffs Juan Balderas and Carola Balderas are and at all times relevant hereto a married couple, residing in the County of Utah, state of Utah.
2. Plaintiff Rodolfo Alvarez, at all times relevant hereto, is an individual residing in the County of Utah, State of Utah.

1
COMPLAINT

3. At all times relevant to this Complaint, Defendant **U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TRUSTEE FOR TRUMAN 2016 SC TITLE TRUST**, (Hereinafter Defendant "**U.S, BANK**"), is a bank holding company based in Minneapolis, Minnesota, providing banking, investment, mortgage, trust and payment services products to individual businesses, governmental entities, and other financial institutions.

4. At all times relevant to this Complaint, Defendant **FAY SERVICING, LLC**, is a specialty mortgage debt management company and mortgage lender based in Chicago, Illinois, duly licensed to do business in the State of Utah.

5. At all times relevant to this Complaint, Defendant **LUNDBERG & ASSOCIATES**, (Hereinafter **Lundeberg & Associates**), is a law firm in the Real Estate industry, based in Salt Lake City, Utah, duly licensed to do business in the State of Utah, working in conjunction with Defendant "ETITLE".

6. At all times relevant to this Complaint, Defendant **ETITLE INSURANCE AGENCY, LLC**, (hereinafter Defendant "**ETITLE**"), provides foreclosure trustee services for residential and commercial foreclosure matters for institutional and individual clients. Defendant Etitle is based in Salt Lake City, Utah, duly licensed to do business in the State of Utah, working in conjunction with Defendant Lundberg & Associates.

7. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, that each of the defendants were or are the agents, employees, partners, joint venturers, co-conspirators, successors or predecessors in interest, owners, principals, and employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, partnership, employment, ownership, joint venture and/or conspiracy. Plaintiffs are further informed and believes and based thereon allege that the acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

8. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, said allegation shall be deemed to mean and include an allegation that the corporation

or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

9. The true names and capacities of defendants sued herein as a DOE Defendants are presently unknown to Plaintiffs who therefore sue under these fictitious names. Upon ascertainment of the true names and capacities of these DOE Defendants, Plaintiffs will seek leave to amend this Complaint to allege the same. Plaintiffs are informed and based thereon allege that DOE Defendants, and each of them, were and/or are, in some manner or way, responsible for and liable to Plaintiffs for the events, happenings, and damages hereinafter set forth below.

10. Plaintiffs are informed and believe and based thereon allege that at all times relevant hereto Defendant, were or are the agents, servants, employees, subsidiaries, affiliate, partner, assignees, successor-in-interest, alter ego or other representative of each other and were acting in such capacity in doing the things herein complained of and alleged.

## JURISDICTION

11. The transactions and events which are the subject matter of this Complaint, all occurred within the County of Utah, State of Utah

12. Plaintiffs reside in the State of Utah, County of Utah.

13. The property is located at: 301 S. 1015 W. Orem, Utah, 84058.

## FACTUAL ALLEGATIONS

14. Plaintiffs were the homeowners and possessors of the property located at 301 S. 1015 W., Orem, Utah, 84058, (Hereinafter "the subject property"), through a Deed of Trust executed with Bank of America in July 2, 2019.

15. On or about November 28, 2017, Plaintiffs Balderas executed a Warranty Deed in favor of Plaintiff Rodolfo Alvarez, subject to easements and restrictions.

16. On or about December 1, 2015, Bank of America, granted and assigned the Deed of Trust to Defendant Wilmington Savings Fund Society.

17. On or about June 29, 2017, Wilmington Savings Fund Society executed and assignment of Deed of Trust in favor of Defendant U.S. Bank National Association.

18. On or about 2015, Plaintiffs entered into default of their mortgage payments. At the time of default, Plaintiff's mortgage servicer was BSI.

19. Plaintiffs requested loan modification to, BSI Financial Services, resulting in several denials after submission of the package.

20. On or about July 5, 2017, BSI sold Plaintiff's loan mortgage to Defendant Fay Servicing, Attorney in fact for Defendant U.S. Bank National Association, who offered Plaintiffs a Trial Period Plan under the Fay Servicing Modification Program.

21. According to the trial period payments plan offered by Defendant Fay Servicing, an initial payment of $11,419.16 was required.

22. Since Plaintiffs did not have enough money to come up with the initial payment of $11,419.16 upfront, on or about the end of October of 2017, Plaintiffs called Defendant Fay Servicing and spoke to their Manager, the single point of contact for Plaintiff's loan account to make arrangements for the initial payment.

23. Plaintiff and Defendant's Fay Servicing Manager agreed that Plaintiffs will make a first payment in the amount of $5,709.58 by November 1, 2011, and the second payment of

$5,709.58 was to be made by November 30, 2017, this will satisfy the initial payment of $11,419.16.

24. On or about November 15, 2019, Plaintiffs received a letter from Defendant Fay Servicing indicating Plaintiffs that as of January of 2018, Plaintiffs' monthly payment plan increased from $1,536.55 to $1,830.00.

25. After the full payment of $11,750.00, Plaintiffs were to make payments of $1,536.55 and not $1,830.00. That was never agreed in the loan modification negotiation.

26. Defendants U.S. Bank and Fay Servicing never notified Plaintiffs with a Notice of Trustee Sale, that they will foreclose the property.

27. Defendants concealed to Plaintiffs the foreclosure information of the Plaintiff's property located at: 301 S. 1015 W., Orem, UT 84068. Defendants Fay Servicing, and E-Title in conjunction with Lundberg & Associates, never disclosed a Trustee Sale Date for the subject property while it was on a foreclosure stage., when Defendants should have known that the truth trustee sale information should have been disclosed in their website and to Plaintiffs as well.

28. Plaintiffs were constantly calling Defendant Fay Servicing and checking E-title's and Lundberg & Associates website in order to find out the trustee sale date for their property, however no information was ever released by Defendants.

29. Plaintiff's reasonable reliance upon the misrepresentation of All Defendants, specially Lundberg & Associate and E-title's was detrimental. But for failure to disclose the truth and material terms of the foreclosure, Plaintiffs could have been alerted to issue of concern.

30. Defendants, U.S. Bank and Fay Servicing, including Defendant E-Title in conjunction with Lundberg & Associates were aware of the misrepresentations and profited from Plaintiff by selling the subject property on April 16, 2019.

31. Defendants Fay Servicing have come up with multiple excuses and obstruction in order to lead Plaintiffs to foreclosure due to the fact that they certainly knew that Plaintiffs' property had an equity of about $150,000, and they wanted to profit from it.

32. Plaintiff's Property has surplus funds in the approximate amount of $150,000.00 which is due to Plaintiffs after the foreclosure of the property.

33. Therefore, Plaintiffs request and order from this Court to disburse the correct and appropriate amount of surplus funds owed to them after the April 15, 2019 Trustee Sale.

34. Defendants have listed the property for sale, which is currently on hold because there was a civil litigation pending in this court for the subject property.

35. Plaintiffs bring this complaint to this Federal Court for an order to be reimbursed with Surplus funds of approximately $150,000.00.

36. Earlier in 2019, Plaintiffs filed a Civil Lawsuit against Defendants for Breach of Contract, in the Spanish Fork Courthouse of Utah.

37. Around April of 2019, another lawsuit was filed against Defendants for the same cause in this Federal courthouse, which was dismissed by this Court due to the fact that Plaintiffs' first lawsuit filed in the Spanish Fork Couthouse was still active, and per Utah Federal Court, Plaintiffs couldn't t have two actions pending for the same cause in both Courts. Everything was a misunderstanding, since Plaintiffs were in belief that their first lawsuit was dismissed, therefore decided to file a second one in this Federal Court.

38. On or around August of 2019, Plaintiffs filed another lawsuit for the same cause in this Federal Courthouse, in which Defendants filed request to dismiss Plaintiffs' Complaint. Defendants failed to timely and properly serve Plaintiff's with answers and motions which caused loss and harm to Plaintiffs' civil lawsuit leading them to another dismissal. The dismissal was also based on Defendants' allegations stating that that the Spanish Fork Courthouse had already taken a decision on this case, in the first lawsuit filed by Plaintiffs and that therefore, there was nothing else to fight about.

39. Plaintiffs hereby request an order from this court as follows:

a) For an opportunity to go to trial before the Judge, to show the assigned Judge evidence that Defendants E-Title and Lundberg & Associates, never published the trustee sale date information in their website, neither notified Plaintiffs of a new trustee sale Date,

b) For an opportunity go to trial before the Judge, to prove that Defendants Fay Servicing acting in behalf of U.S. Bank, intentionally breached and changed the terms of Plaintiff's approved loan modification, with the purpose of repossessing the property and selling it to a third party to gain their own profit out of it,

c) For a judgment in Plaintiffs' favor stating that Defendants should pay and/or release the surplus fund to Plaintiffs after the April 15, 2019, trustee Sale. property was held on a wrongful and fraudulent foreclosure,

d) For Attorney fees,

e) For cost of herein incurred; and

f) For such other relief, legal and equitable, that the Court deems as just and proper.

DATED: January 31, 2020

By: _____
Juan Balderas
Plaintiff in Proper
PLAINTIFF IN PRO PER

By: _____
Carola Balderas
Plaintiff in Pro per

By: _____
Rodolfo Alvarez
Plaintiff in Pro Per

## VERIFICATION

We, Juan Balderas, Carola Balderas and Rodolfo Alvarez, are the Plaintiffs in this action. We have read the Complaint and the facts and allegations contained therein are true to the best of our knowledge, except as to those matters stated on information or belief and, as to those matters, We believe them also to be true.

We declare under penalty of perjury that the foregoing is true and correct. Executed in Orem, Utah, on January 31, 2020.

By: _____
Juan Balderas
Plaintiff in Proper
**PLAINTIFF IN PRO PER**

By: _____
Carola Balderas
Plaintiff in Pro per

By: _____
Rodolfo Alvarez
Plaintiff in Pro Per